1
2
3
4
5
PATRICK J. KIRBY, WSBA #24097
**PATRICK J. KIRBY, ATTORNEY AT LAW, PLLC**
6
421 W. Riverside Avenue, Suite 802
Spokane, Washington 99201
7
Telephone:  (509) 835-1200
Facsimile:   (509) 835-1234
8
9
*Attorney for Plaintiff Aaron Michael Harris*
10
11
## UNITED STATES DISTRICT COURT FOR THE
12
## EASTERN DISTRICT OF WASHINGTON
13
14
| | |
|---|---|
| AARON MICHAEL HARRIS, a single man,<br>                    Plaintiff,<br>vs.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company; JENA LYNN OWENS, a married woman; STEPHANIE WIDEMAN, a married woman,<br>                    Defendants. | **Cause:**<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

15
16
17
18
19
20
21
        The Plaintiff for cause and action and complaint against the Defendants,
22
alleges as follows:
23
24
**COMPLAINT - 1**
25

PK  PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

# I.    PARTIES

1.     Aaron Michael Harris, a single man ("Harris"), is now and at all times materially hereto, a resident of the city of Liberty Lake, county of Spokane, state of Washington.

2.     Defendant Comcast Cable Communications Management, LLC, ("Comcast"), a Delaware limited liability company is now and at all times materially hereto, a limited liability company which is authorized to transact business in the city of Spokane, county of Spokane, state of Washington.

3.     Defendant Jena Lynn Owens, a married woman ("Owens"), is now and at all times materially hereto, a resident of the city of Spokane, county of Spokane, state of Washington, with Owens being a managerial employee of Comcast at all times materially hereto, acting on behalf of her marital community and within the scope of her capacity as a managerial employee of Comcast.

4.     Defendant Stephanie Wideman, a married woman ("Wideman"), is now and at all times materially hereto, a resident of the city of Spokane, county of Spokane, state of Washington, with Wideman being a managerial employee of Comcast at all times materially hereto, acting on behalf of her marital community and within the scope of her capacity as a managerial employee of Comcast.

/////

/////

**COMPLAINT - 2**

PK  PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

## II.  <u>JURISDICTION</u>

5.    This action is pursuant to: the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101, *et seq.*; 42 U.S.C. §1981a *et seq.*; the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §4301 *et seq.*; the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*; and the common law of Washington state.

6.    Jurisdiction over the federal claims herein is invoked pursuant to: 28 U.S.C. §1331; 42 U.S.C. §12117(a); 38 U.S.C. §4323(b); and over the state law claims asserted herein pursuant to the doctrine of supplemental jurisdiction 28 U.S.C. §1367.

7.    Jurisdiction over the discrimination claims herein is appropriate because Comcast has more than fifteen employees and is subject to the ADA and the WLAD.

8.    Harris filed his charge of disability discrimination and retaliation against Comcast with the Equal Employment Opportunity Commission ("EEOC"), on July 9, 2020.

9.    The EEOC issued a right to sue letter to Harris on July 10, 2020, which was received by Harris' counsel on July 13, 2020.

/////

**COMPLAINT - 3**



PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

10.    Costs and attorneys' fees may be awarded pursuant to: 42 U.S.C. §12205; 38 U.S.C. §4323(h)(2); RCW 49.60.030(2).

11.    Punitive damages may be awarded pursuant to 42 U.S.C. §1981a(b)(1), 42 U.S.C. §12117(a).

12.    Liquidated damages may be awarded pursuant to 38 U.S.C. §4323(d)(1)(C).

### III.    VENUE

13.    Venue is proper in this Court pursuant to: 42 U.S.C. §12117(a); 38 U.S.C. §4323(c)(2); 28 U.S.C. §1391(b) as a result of the fact that the events which are the subject of this action occurred in the Eastern District of Washington.

### IV. FACTS

14.    Harris was an active duty member of the United States Navy ("USN"), serving as an explosive ordinance disposal technician/aviation ordinance boatswain mate from 1999 until he was medically retired with an honorable discharge in 2008 due to: traumatic brain injury ("TBI"); broken bones in his neck; leg injuries, which he sustained in a bomb explosion; electrocution; and a forty-foot fall aboard a USN ship all occurring in the course of his military service.

15.    Harris' permanent disabilities include: TBI; anxiety; depression; and post-traumatic stress disorder ("PTSD"), which all require regular and frequent

**COMPLAINT - 4**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

mental health counseling, and medications to treat his mental and physical disabilities.

16.     Harris' TBI is a physical and mental impairment, which substantially limits the operation of his brain and/or neurological system, which is a major bodily function, and therefore a major life activity.

17.     Anxiety, depression, and PTSD are mental or psychological disorders that substantially limit one or more of his major life activities, including caring for himself, sleeping, eating, learning, reading, concentrating, thinking, communicating, and interacting with others.

18.     On February 26, 2019, Comcast hired Harris for the job of a Supervisor for Technical Support working at its Liberty Lake, Washington customer call center at the annual salary of $60,000, with a start date of March 18, 2019.

19.     In June 2019, after completing shadow training,, Harris was assigned as a leader on the Xfinity Mobile Team reporting to Owens. Owens asked Harris about his background.  Harris disclosed to Owens that he was a veteran and had been "blown up" while on active duty and as a result was diagnosed with TBI and PTSD. Harris further disclosed to Owens that he was medically retired from the USN.

20.     In June 2019, after being assigned to Owens' team,  Harris requested Owens set his scheduled work shifts to allow him to attend his appointments with

**COMPLAINT - 5**

PK  PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

medical and mental health care providers at the Veterans Administration Hospital ("VA"), in Spokane, Washington during his time off work.

21.     Harris also disclosed to Owens that he is "on meds" and, "I'm seeing people at the VA to help evaluate my mood & treat my traumatic brain injury."

22.     When Harris was transferred to Owens' team in July 2019, his work shifts were initially scheduled for Sunday through Thursday 11:00 a.m. to 8:00 p.m.  Upon reporting to Owens, Harris reminded Owens that his VA appointments were regularly scheduled for Fridays, and he needed Fridays free from work duties to allow him to attend his VA appointments.

23.     Shortly after Harris disclosed his disabled veteran status to Owens, she began to change Harris' scheduled work shifts with little or no notice, which often conflicted with his scheduled Friday VA appointments.

24.     After Owens changed Harris' work schedule, Harris again reminded Owens that he had VA appointments regularly set on Fridays and needed to be scheduled off work on Fridays, to which Owens responded, "We'll work with you."

25.     In July 2019, Harris notified Wideman, the Human Resources Manager at Comcast's customer call center in Liberty Lake, Washington, that Owens was interfering with his regularly scheduled VA appointments on Fridays by changing Harris' work shifts with little or no notice. Wideman's response was

**COMPLAINT - 6**



PATRICK/KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

to advise Harris to apply for short-term disability ("STD"), benefits with Comcast's third-party administrator Sedgwick and make a claim for any work hours lost due to his VA appointments.

26.    Comcast and Wideman took no action to ensure Owens accommodated Harris' work schedule by not interfering with his VA appointments.

27.    After Harris complained to Wideman, the changes to Harris' work schedule did not stop, and he continued to miss his VA appointments with his medical and mental health care providers.

28.    Sedgwick denied Harris' application for STD benefits because he was capable of working with accommodations to his work-schedule.

29.    After Sedgwick denied Harris' application for STD benefits Wideman, Owens, and Comcast took no action to reimburse Harris for lost wages due to workhours lost because of changes to his work schedule with little or no notice.

30.    Harris notified Owens on several occasions that his co-workers were harassing him because of his veteran status. Harris reported to Owens and Wideman that one co-worker told him, "I have an issue with you because you are a vet and former federal agent…same as my dad who I hated."

31.    Harris notified Owens that his co-workers were harassing him with ridicule because of his need for time off work to attend VA appointments with his medical and mental health care providers.

**COMPLAINT - 7**

PK  PATRICK KIRBY LAW OFFICE PLLC

421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

32.     Harris notified Owens that one co-worker was harassing him because of his naval service by soliciting another co-worker to make a false sexual harassment allegation against Harris in an attempt to get him fired.

33.     Owens and Comcast did nothing to stop co-workers' harassment of Harris.

34.     Harris, in two separate telephone grievances to "Comcast Listens," an employee telephone hotline service, reported co-worker harassment because of his naval service and his needed time off from work to attend VA appointments with his medical and mental health care providers.

35.     Harris also reported to "Comcast Listens" that Owens had made changes to his shift schedule with little or no notice which caused Harris to miss VA appointments with his medical and mental health care providers, which caused his anxiety levels to increase.

36.     In October 2019, Harris visited the VA emergency room for neck pain caused by a pinched nerve. Subsequently, Harris hand delivered to Owens a note from the VA doctor recommending his employer schedule him off work for three days.  Owens gave the doctor's note back to Harris and said, "I don't need this." Comcast and Owens granted Harris the three days off work without pay but without the opportunity to work the hours on shifts which did not conflict with his regularly scheduled VA appointments.

**COMPLAINT - 8**

PK  PATRICK KIRBY
LAW OFFICE PLLC

421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

37.     On or about October 25, 2019, Owens formally disciplined Harris with a written corrective action for "schedule adherence" after Harris missed work to attend his scheduled VA appointments due to changes in his work schedule with little advance notice.

38.     On October 25, 2019, Owens, Wideman, and Comcast issued a Corrective Action document against Harris and cited "unsatisfactory performance" by Harris in "observed behaviors, leadership, accountability/credibility, schedule adherence and personal brand awareness" in response to his complaints about co-worker harassment and changes to his work schedule with little or no notice.

39.     Comcast, Owens, and Wideman did not take any corrective action to end the harassment of Harris by his co-workers.

40.     Harris told Owens that missing his VA appointments caused him to suffer increased stress and anxiety, and it also caused a major disruption to his family life as he is a single parent.

41.     Owens and Comcast continued to schedule Harris to work on Fridays even after Harris told Owens that missing his VA appointments caused him to suffer more stress and anxiety and was a disruption to his family life because he is a single parent.

/////

/////

**COMPLAINT - 9**



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

42.     The changes to Harris' work shift by Owens and Comcast caused him to miss approximately seven VA appointments, which were for the treatment of Harris' TBI and PTSD.

43.     Owens and Comcast made changes to Harris' work shifts requiring him to work on Fridays even though other employees were available to cover those shifts.

44.     On November 11, 2019, Comcast awarded Harris a "Recognition Star" during a work ceremony at Comcast's Liberty Lake customer call center during a Veteran's Day ceremony to formally thank him and the other employee-veterans for their military service.  Owens and Wideman were both at the November 11, 2019, Veteran's Day ceremony.

45.     On Friday, November 29, 2019, Harris met with Wideman and Owens to discuss his hostile work environment grievances and the changes to his work schedule which conflicted with his regularly scheduled VA medical appointments.

46.     During their November 29, 2019, meeting, Harris told Wideman and Owens that he felt harassed at work by co-workers making negative comments about him, his veteran status, his work habits, and by a comment from one co-worker who told Harris that she did not like him because he was a veteran and former federal agent.

/////

**COMPLAINT - 10**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

47.    During their November 29, 2019, meeting,, Harris told Wideman and Owens that Owens' changes to his work schedule was causing him to have to choose between missing work or missing his VA health care appointments.

48.    Harris also told Wideman and Owens at their November 29, 2019, meeting that missing his scheduled VA health care appointments increased his anxiety which he was trying to decrease with his appointments at the VA.

49.    During their November 29, 2019, meeting,, Owens confirmed Harris' complaints about co-worker harassment and his missed VA appointments due to changes in his work schedule. Wideman's response to Harris was, "Wow! I had no idea this was all going on. We will keep you informed after our investigation."

50.    At the end of the November 29, 2019, meeting, Wideman told Harris that effective immediately Comcast was placing him on administrative leave with pay.  Harris responded to Wideman that he was going to file a complaint with the state because, "I was wronged."  Wideman responded to Harris, "We will look into this and we will be in touch."

51.    After the November 29, 2019, meeting, Harris did not receive any communication from Comcast until he received by mail a letter dated January 7, 2020, stating that his employment was terminated effective December 17, 2019, and that his enrollment in the Comcast medical/dental/vision and life insurance group benefits terminated December 31, 2019.

**COMPLAINT - 11**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

52.    The January 7, 2020, termination letter Comcast sent to Harris cited no reason for his termination.

53.    Comcast never provided Harris with the results of its investigation of his grievances.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Disability Discrimination/Failure to Reasonably Accommodate**
**(42 U.S.C. § 12101 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

54.    Harris restates and re-alleges by reference Paragraphs 1 through 53 as if fully set forth herein.

55.    Harris is qualified to perform the essential functions of a Supervisor for Technical Support at Comcast with or without reasonable accommodations by Comcast.

56.    Harris has mental and physical impairments that substantially limits one or more major life activities.

57.    Harris is an individual with a record or history of physical and mental impairment that substantially limits one or more of the major life activities.

58.    Harris has physical and mental impairments that are medically cognizable or diagnosable.

/////

**COMPLAINT - 12**

PK PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

59.    Comcast, Owens, and Wideman received adequate notice of Harris' disability, and his record of disability, and his desire for a reasonable accommodation by way of scheduling work shifts so not to conflict with regularly scheduled VA appointments with his medical and mental health care providers.

60.    Allowing Harris to attend his regularly scheduled VA appointments with his medical and mental health care providers without conflicts with his Comcast work schedule would allow Harris to perform the essential functions of the Supervisor for Technical Support job.

61.    Restructuring Harris' work schedule to allow Harris to attend his regularly scheduled VA appointments with his medical and mental health care providers as a reasonable accommodation was not an undue burden for Comcast.

62.    Harris' TBI, anxiety, depression, and PTSD had a substantially limiting effect on his ability to perform his job and access the equal benefits, privileges, or conditions of employment at Comcast without his regularly scheduled VA appointments with his medical and mental health care providers.

63.    Comcast intentionally discriminated against Harris in violation of the ADA on the basis of his disability and/or his record of disability by failing to take affirmative steps to reasonably accommodate Harris' disability by way of scheduling his work shifts so not to conflict with his regularly scheduled VA appointments with his medical and mental health care providers.

**COMPLAINT - 13**

PK  PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

64.    Comcast, Owens, and Wideman intentionally discriminated against Harris in  violation of the WLAD because of his disability and/or record of disability by failing to take affirmative steps to reasonably accommodate Harris's disability by way of scheduling his work shifts so not to conflict with regularly scheduled VA appointments with his medical and mental   health care providers.

65.    As a direct and proximate result of Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial, including reasonable attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. §12205, RCW 49.60.030(2).

**SECOND CAUSE OF ACTION**
**Disability Discrimination/Discharge Due to Disability**
**(42 U.S.C. §12101 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

66.    Harris restates and re-alleges by reference Paragraphs 1 through 65 as if fully set forth herein.

67.    Comcast intentionally discriminated against Harris by discharging him on the basis of his disabilities in violation of the ADA.

68.    Comcast, Owens, and Wideman intentionally discriminated against Harris because of his disabilities in violation of the WLAD.

/////

**COMPLAINT - 14**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

69.    As a direct and proximate result of the Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial, including reasonable attorneys' fees, experts' fees, and costs pursuant to 42 U.S.C. §12205, RCW 49.60.030(2).

### THIRD CAUSE OF ACTION
**Disability Discrimination/ Discharge Due to Record of Disability**
**(42 U.S.C. §12101 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

70.    Harris restates and re-alleges by reference Paragraphs 1 through 69 as if fully set forth herein.

71.    Comcast intentionally discriminated against Harris by discharging him on the basis of his record of physical and mental impairments in violation of the ADA.

72.    Comcast, Owens, and Wideman intentionally discriminated against Harris because of his record of physical and mental impairments in violation of the WLAD.

73.    As a direct and proximate result of the Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount

/////

**COMPLAINT - 15**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

to be proven at trial, including reasonable attorneys' fees, experts' fees, and costs pursuant to 42 U.S.C. §12205, RCW 49.60.030(2).

**FOURTH CAUSE OF ACTION**
**"Regarded As" Disabled / "Perceived To Be" Disabled**
**(42 U.S.C. §12101 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

74.     Harris restates and re-alleges by reference Paragraphs 1 through 73 as if fully set forth herein.

75.     Comcast regarded Harris as having a mental impairment.

76.     Comcast, Owens, and Wideman perceived Harris to have a mental impairment that is medically cognizable or diagnosable.

77.     Comcast intentionally discriminated against Harris in violation of the ADA by discharging him on the basis that Comcast regarded Harris as disabled.

78.     Comcast, Owens, and Wideman discriminated against Harris in violation of the WLAD by discharging him because Comcast, Owens, and Wideman perceived Harris as disabled.

79.     As a direct and proximate result of the Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial, including reasonable attorneys' fees, experts' fees, and costs pursuant to 42 U.S.C. §12205, RCW 49.60.030(2).

**COMPLAINT - 16**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

1

## FIFTH CAUSE OF ACTION
### Military Service Discrimination
**(38 U.S.C. §4301 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

80.    Harris restates and re-alleges by reference Paragraphs 1 through 79 as if fully set forth herein.

81.    Comcast intentionally discriminated against Harris by discharging him on the basis of his service in the uniformed services in violation of the USERRA.

82.    Comcast, Owens and Widem intentionally discriminated against Harris by discharging him because of his honorably discharged veteran or military status in violation of the WLAD.

83.    As a direct and proximate result of the Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial, including reasonable attorneys' fees, experts' fees, and costs pursuant to 38 U.S.C. §4323(h)(2), RCW 49.60.030(2).

## SIXTH CAUSE OF ACTION
### Military Service Harassment
**(38 U.S.C. §4301 *et seq.*; RCW 49.60 *et seq.*)**
**(All Defendants)**

84.    Harris restates and re-alleges by reference Paragraphs 1 through 83 as if fully set forth herein.

**COMPLAINT - 17**



PATRICK/KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

85.    Harris' co-workers' continuous pattern and practice of harassing and intimidating conduct, including remarks, to and towards Harris at work were offensive, uninvited, and unwelcomed by Harris, and so sufficiently pervasive and severe as to alter the conditions of Harris' employment at Comcast and created an abusive and hostile working environment because of his honorably discharged veteran or military status.

86.    Comcast, Wideman, and Owens failed to take prompt, and appropriate action to prevent, deter and eliminate the hostile work environment for Harris after Comcast, Wideman, and Owens  knew or should have known of the existence of the hostile work environment for Harris.

87.    Comcast's condoning of, and failure to, remedy and stop such harassment because of Harris' honorably discharged veteran or military status constitutes a violation of the USERRA, 38 U.S.C. §4301 *et seq.*

88.    Comcast's, Wideman's, and Owens' condoning of, and failure to remedy and stop such harassment because of Harris' honorably discharged veteran or military status constitutes a violation of the WLAD, RCW 49.60 *et seq.*

89.    The Defendants' actions and/or inactions were a proximate and direct cause of Harris' harassment because of his honorably discharged veteran or military status, the deprivation of his right to obtain and hold employment without discrimination, and for the damages occasioned to him as a result.

**COMPLAINT - 18**



PATRICK KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

90.    Harris has suffered economic damages, severe emotional distress, humiliation, and mental anguish as a direct result of the unlawful conduct by the Defendants.

91.    As a direct and proximate result of the Defendants' actions and conduct, Harris has suffered damages in an amount to be proven at trial, including reasonable attorneys' fees, including experts' fees, and costs pursuant to 38 U.S.C. §4323(h)(2), RCW 49.60.030(2).

**SEVENTH CAUSE OF ACTION**
**Disability Status Harassment**
**(42 U.S.C. §12101, *et seq*; RCW 49.60 *et seq*.)**
**(All Defendants)**

92.    Harris restates and re-alleges by reference Paragraphs 1 through 91 as if fully set forth herein.

93.    Harris' co-workers' continuous pattern and practice of harassing and intimidating conduct, including remarks to and towards Harris at work were offensive, uninvited, and unwelcomed by Harris, and so sufficiently pervasive and severe as to alter the conditions of Harris' employment at Comcast and to create an abusive and hostile working environment because of his disability status.

94.    Comcast, Wideman, and Owens failed to take prompt, and appropriate action to prevent, deter and eliminate the hostile work environment for Harris after

**COMPLAINT - 19**

PK  PATRICK/KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

Comcast, Wideman, and Owens knew or should have known of the existence of the hostile work environment for Harris.

95.    Comcast's condoning of, and failure to remedy and stop such harassment because of Harris' disability status constitutes a violation of the ADA, 42 U.S.C. §12101, *et seq*.

96.    Comcast's, Wideman's, and Owens' condoning of, and failure to remedy and stop such harassment because of Harris' disability status constitutes a violation of the WLAD, RCW 49.60 *et seq*.

97.    The Defendants' actions and/or inactions were a proximate and direct cause of Harris' harassment based upon his honorably discharged veteran or military status and a deprivation of his right to obtain and hold employment without discrimination and for the damages occasioned to him as a result.

98.    Harris has suffered economic damages, severe emotional distress, humiliation, and mental anguish as a direct result of the unlawful conduct by the Defendants.

99.    As a direct and proximate result of the Defendants' actions and conduct, Harris has suffered damages in an amount to be proven at trial, including reasonable attorneys' fees, including experts' fees, and costs pursuant to 42 U.S.C. §12205, RCW 49.60.030(2).

/////

**COMPLAINT - 20**

PK PATRICK/KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

1

## EIGHTH CAUSE OF ACTION
### Retaliation
### (42 U.S.C. §12101 *et seq.*; RCW 49.60 *et seq.*)
### (All Defendants)

2

3

4      100.   Harris restates and re-alleges by reference Paragraphs 1 through 99 as

5   if fully set forth herein.

6      101.   Comcast intentionally retaliated against Harris in violation of the ADA

7

8   by discharging him because Harris opposed Comcast's act or practice of refusing

9   to reasonably accommodate his disabilities by failing to schedule his work shifts to

10  not conflict with regularly scheduled VA appointments with his medical and mental

11  health care providers.

12     102.   Comcast, Owens, and Wideman intentionally retaliated against Harris

13

14  in violation of the WLAD by discharging him because Harris opposed Comcast's

15  act or practice of refusing to reasonably accommodate his disabilities by failing to

16  schedule his work shifts to not conflict with regularly scheduled VA appointments

17  with his medical and mental health care providers.

18     103.   Comcast intentionally retaliated against Harris in violation of the

19  USERRA by discharging him because he opposed Comcast's act or practice of

20  refusal to take steps reasonably calculated to end the co-worker harassment because

21  of his honorably discharged veteran or military status.

22  /////

23

24

25  **COMPLAINT - 21**



PATRICK J. KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

104.    Comcast, Wideman, and Owens intentionally retaliated against Harris in violation of the WLAD by discharging him because he opposed Comcast's act or practice of refusal to take steps reasonably calculated to end the co-worker harassment because of his honorably discharged veteran or military status.

105.    Comcast intentionally retaliated against Harris in violation of the ADA by discharging him because he opposed Comcast's refusal to take steps reasonably calculated to end the co-worker harassment because of his disability status.

106.    Comcast, Wideman, and Owens intentionally retaliated against Harris in violation of the WLAD by discharging him because he opposed Comcast's refusal to take steps reasonably calculated to end the co-worker harassment because of his disability status.

107.    As a direct and proximate result of the Defendants' unlawful conduct, Harris has suffered economic damages, and non-economic damages in the form of emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial, including reasonable attorneys' fees, experts' fees, and costs pursuant to: 42 U.S.C. §12205; 38 U.S.C. §4323(h)(2); RCW 49.60.030(2).

### NINTH CAUSE OF ACTION
**Negligent Supervision/Retention**
**(Defendant Comcast)**

108.    Harris restates and re-alleges by reference Paragraphs 1 through 107 as if fully set forth herein.

**COMPLAINT - 22**



PATRICK KIRBY
LAW OFFICE PLLC

421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

109.  Comcast's conduct in retaining Wideman, Owens, and other Comcast managers supervising Harris at work and/or failure to train them subjected Harris to abusive and hostile conduct and was negligent, unreasonable, and careless.

110.  Comcast owed a duty of care to Harris which they breached, and such breach constituted the tort of negligent supervision and retention.

111.  As a proximate result of Comcast's negligent, unreasonable and careless conduct, and behavior Harris has suffered economic damages, severe emotional distress, embarrassment, humiliation, and mental anguish in an amount to be proven at trial.

## IV.  **JURY DEMAND**

Plaintiff, Aaron Michael Harris, by this Complaint and pursuant to FRCP 38, hereby requests the matter to be heard by a jury.

## V.  **PRAYER FOR RELIEF**

**WHEREFORE**, having made this Complaint and the allegations against the Defendants, Plaintiff prays for relief as follows;

1.  For judgment against the Defendants for special damages of lost wages, benefits, and out of pocket expenses, including medical expenses in an amount to be proven at trial;

/////

/////

**COMPLAINT - 23**



PATRICK/KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

2.     For judgment against the Defendants for general damages for emotional distress, mental anguish, embarrassment and humiliation in an amount to be proven at trial;

3.     For Plaintiff's costs and expenses incurred herein;

4.     For reasonable attorneys' fees pursuant to: 42 U.S.C. §12205; 38 U.S.C. §4323(h)(2); RCW 49.60.030(2);

5.     For punitive damages pursuant to 42 U.S.C. §1981a(b)(1), 42 U.S.C. §12117(a);

6.     For liquidated damages pursuant to 38 U.S.C.§4323(d)(1)(C);

7.     For front pay and benefits for a reasonable period of time;

8.     For prejudgment interest as provided by law and;

9.     For such other and future relief as the Court may deem just and proper.

DATED this 6th day of October, 2020.

PATRICK J. KIRBY, Attorney at Law, PLLC


PATRICK J. KIRBY, WSBA #24097
*Attorney for Plaintiff, Aaron Michael Harris*
421 W. Riverside Avenue, Suite 802
Spokane, Washington  99201
Telephone: (509) 835-1200
Facsimile:  (509) 835-1234
Email:  pkirby@pkirbylaw.com

**COMPLAINT - 24**



PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

## **VERIFICATION**

STATE OF WASHINGTON       )
                          :ss
County of Spokane         )

AARON MICHAEL HARRIS, being first duly sworn upon oath, deposes and says:  That I am the Plaintiff herein; I have read the foregoing **Complaint**, know the contents thereof, and believe the same to be true and correct.

_____
Aaron Michael Harris

SUBSCRIBED AND SWORN to before me this 6ᵗʰ day of October, 2020.

_____
Print Name: Patrick J. Kirby
Notary Public in and for the State of
Washington, residing in: Spokane
My commission expires: 7-25-2023

*(Notary seal: PATRICK J KIRBY, COMMISSION EXPIRES, NOTARY Comm. No. 154843, PUBLIC, 7-25-23, STATE OF WASHINGTON)*

**COMPLAINT - 25**

PK  PATRICK J KIRBY
    LAW OFFICE PLLC
    421 Riverside Avenue, Suite 802
    Spokane, WA 99201
    509.835.1200 (Phone)
    509.835.1234 (Facsimile)